**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Anthony J. Hudson,** ) | **CASE NO. 4:17 CV 1885** |
| ) | |
| **Petitioner,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **vs.** ) | |
| ) | |
| **Brigham Sloan, Warden,** ) | |
| ) | **Memorandum of Opinion and Order** |
| **Respondent.** ) | |

## INTRODUCTION

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Jonathan Greenberg (Doc. 21), which recommends dismissal of the Petition for Writ of Habeas Corpus (Doc. 1) pending before the Court. Petitioner Anthony J. Hudson filed Objections (Doc. 25) to the Report and Recommendation, as well as a separate document (Doc. 22) objecting to and moving to strike a statement in one of the Magistrate Judge's previously-issued orders. For the reasons that follow, the Report and Recommendation is ACCEPTED and Petitioner's motion to strike is DENIED.

**FACTS**

In February 2011, a Trumbull County Grand Jury charged Petitioner with one count of possession of cocaine in violation of Ohio Revised Code § 2925.11(A) & (C)(4)(e). The case proceeded to trial in July 2014, and the jury returned a verdict finding Petitioner guilty as charged. Petitioner was sentenced to a mandatory prison term of ten years, which included a penalty enhancement pursuant to R.C. 2925.11(C)(4)(e).

Petitioner filed a notice of appeal on October 22, 2014, in which he raised three assignments of error. The Eleventh District stayed Petitioner's appeal on May 23, 2016, noting that the Ohio Supreme Court had accepted a certified conflict in *State v. Gonzales*, Sup. Ct. Nos. 2015-0384 and 2015-038, and that the outcome of *Gonzales* would, in part, resolve Petitioner's appeal. In *State v. Gonzales*, 150 Ohio St. 3d 261 (2016) ("*Gonzales I*"), the Supreme Court held that when prosecuting cocaine-possession cases involving mixed substances under R.C. 2925.11(C)(4)(b)-(f), "the state must prove that the weight of the actual cocaine, excluding the weight of any filler materials, meets the statutory threshold." *Gonzales*, 150 St.3d at 269. Relying upon that decision, the appellate court reversed and vacated Petitioner's penalty enhancement, holding that "the state failed to establish the weight 'of cocaine' excluding the amount of filler materials." *State v. Hudson,* 2017 WL 685122, ¶¶ 39, 40 (Ohio Ct. App. Feb. 21, 2017). The appellate court also considered and rejected Petitioner's other two assignments of error. *Id.* ¶¶ 56, 60. Three days later, the State filed a motion for stay and for reconsideration with the Eleventh District, noting that a motion for reconsideration of *Gonzales I* had been filed in the Supreme Court. Petitioner opposed the motion. The appellate court granted a temporary stay of judgment, and granted the State leave to file a motion for reconsideration pending the

outcome of the Ohio Supreme Court's ruling.

On March 6, 2017, the Ohio Supreme Court issued its decision in *State v. Gonzales,* 150 Ohio St.3d 276 (2017) ("*Gonzales II")*, in which it reversed its prior decision in *Gonzales I,* and held that "the applicable offense level for cocaine possession under R.C. 2925.11(C)(4) is determined by the total weight of the drug involved, including any fillers that are part of the usable drug." *Id.* at 281-82. Following this ruling, the State filed its motion for reconsideration in the Eleventh District, asking the appellate court to revisit the reversal and vacation of Petitioner's sentence. On January 16, 2018, the court granted the State's motion and vacated its February 2017 decision, citing *Gonzales II.* The court rejected all three of Petitioner's assignments of error. Petitioner did not appeal that decision to the Ohio Supreme Court.

Almost a year earlier, on April 5, 2017, Petitioner filed an "Amended Petition for Habeas Corpus/and Complaint for Writ of Mandamus" in the Eleventh District. In his Amended Petition, Petitioner raised the following ground:

> [B]ecause the mandate of this Court requires Mr. Hudson be sentenced
> to a fifth degree Felony . . . and he has already been imprisoned since the
> year 2011, and the maximum sentence for a fifth degree felony being
> one year, this Relator having served the maximum sentence that could
> be imposed for a fifth degree felony must entitle him to the writ of
> habeas corpus to issue forthwith.

Doc. 20-1, PageID # 450. The State and Petitioner both filed motions for summary judgment. On January 16, 2018, the Eleventh District issued a decision denying Petitioner's motion and petition, citing *Gonzales II.* Hudson did not appeal that decision to the Ohio Supreme Court.

Petitioner filed his federal habeas petition on August 28, 2017. The petition raises one ground for relief. Following the filing of the petition, Petitioner also filed seven additional motions. Magistrate Judge Jonathan Greenberg issued a Report and Recommendation

3

recommending dismissal of the Petition for Writ of Habeas Corpus and the post-petition motions. Petitioner filed Objections to the Report and Recommendation, and a separate objection to another one of the Magistrate Judge's orders.

**STANDARD OF REVIEW**

Rule 8(b) of the Rules governing § 2254 cases in the United States District Courts provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made." *See also Thomas v. Arn.,* 474 U.S. 140, 149-52 (1985). The judge may accept, reject, or modify any proposed finding or recommendation.[1]

**DISCUSSION**

Petitioner set forth one claim for relief in his habeas petition:

> **Ground One:** Where the state court record establishes Petitioner is imprisoned without verdict, sentence, judgment or conviction without remedy for redress in the Ohio Courts such imprisonment should constitute a miscarriage of justice and violation of Petitioner's fundamental rights to due process of law and the equal protection under the laws mandating writ of habeas corpus issue where as here the maximum sentence Mr. Hudson could receive on re-sentencing hearing is one year which has already been served.

The Magistrate Judge found this claim to be procedurally defaulted. Petitioner objects.

**A.   Petition**

**1.   Procedural Default**

Petitioner raised Ground One on direct appeal to the Eleventh District Court of Appeals in his state habeas petition. The appellate court denied the petition, and Petitioner did not appeal

---

[1] Although Petitioner filed his Petition pursuant to 28 U.S.C. § 2241, the Magistrate Judge found that the action is governed by § 2254. Petitioner does not object to this finding. This Court agrees with the Magistrate Judge's finding and holds that this action is governed by § 2254.

4

this denial to the Ohio Supreme Court. Thus, the Magistrate Judge found that Petitioner failed to exhaust his state court remedies.

Petitioner objects to this finding, and argues that cause and prejudice should excuse his procedural default. Petitioner does not, however, explain why he did not file an appeal of the appellate court's decision to the Ohio Supreme Court. Similarly, Petitioner has not presented any argument or evidence to support his conclusion that prejudice should excuse his procedural default. Although Petitioner states that his case presents "exceptional circumstances," he presents no evidence to support this argument. Thus, the Court finds that neither cause nor prejudice excuse Petitioner's procedural default here.

Petitioner also states, without elaboration, that he should be found actually innocent of the crime for which he was convicted because his sentence was vacated by the court of appeals. A petitioner's procedural default may be excused where a petitioner is actually innocent, even in the absence of a showing of cause. *See Coleman v. Thompson,* 501 U.S. 722, 749-50 (1991). Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). Here, although Petitioner states that he is actually innocent, he does not provide any evidence whatsoever to support his contention. Given that Petitioner has not made any evidentiary showing to demonstrate that he is actually innocent of the crime for which he was convicted, his objection is overruled.

Because Petitioner failed to appeal the state court's dismissal of his petition to the Ohio Supreme Court and he has not established cause, prejudice, or actual innocence, his claim is

5

procedurally defaulted and must be dismissed.

### 2. Merits

The Magistrate Judge found that, in addition to being procedurally defaulted, Petitioner's claim also fails on the merits. In order to prevail on the merits here, Petitioner would have to show that "the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (referencing 28 U.S.C. § 2254). Here, the Eleventh District dismissed Petitioner's state habeas petition, holding that Petitioner was not entitled to release as a matter of law because of the *Gonzales II* decision.

Petitioner argues in his Objections that the Magistrate Judge did not revisit the appellate court's decision. This objection is without merit. The Magistrate Judge reviewed the appellate court's decision and found that the court implemented state procedural rules and state law when it stayed and eventually vacated its February 2017 decision. These decisions by the appellate court relate to issues of state law and are not cognizable in federal habeas proceedings. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Moreover, the Magistrate Judge found that Petitioner failed to cite any legal authority supporting his contention that the state appellate court's reconsideration and vacation of its February 2017 decision violates federal law. The Court agrees. Petitioner has not shown that the state appellate court's decision was contrary to clearly established federal law or that the state court's ruling was so lacking in justification to constitute reversible error under § 2254. Petitioners objections are, therefore, overruled.

### B. Magistrate Judge's Rulings

Petitioner objects to the Magistrate Judge's denial of several motions that Petitioner filed in support of his habeas petition before the Report and Recommendation was issued. For nondispositive matters, the district court must consider timely objections and modify or set aside any part of the magistrate judge's order that is contrary to law or clearly erroneous. *See* 28 U.S.C. § 636(b). The Court has reviewed all of Petitioner's objections, and finds that the Magistrate Judge's order was not contrary to law or clearly erroneous.

#### 1. Motion to Amend Petition (Doc. 17)

Petitioner argues that the Magistrate Judge erred by not ruling on his Motion to Amend prior to issuing the Report and Recommendation. Petitioner cites *Evans v. Michigan*, 568 U.S. 313, 185 (2013) and *Harpster v. State of Ohio,* 128 F.3d 322 (6th Cir. 1997) in support of his argument. Petitioner sought to amend his petition to add a claim for relief which stated in part that "[t]he Petitioner's Fundamental Right to be free of Double Jeopardy are violated here where the State court reversed his conviction and sentence based on insufficient evidence . . . and now seeks to reenter conviction and sentence. . ." (Doc. 17, PageID # 385).

The Magistrate Judge denied Petitioner's motion as futile. Petitioner objects to this conclusion and argues that the double jeopardy claim only arose after his petition was filed. This argument is unavailing, however, where Petitioner has not demonstrated that he exhausted his claim in state court prior to raising it in federal court. Habeas petitioners must exhaust their state court remedies prior to raising claims in federal habeas proceedings. *See* 28 U.S.C. 2254(b), (c). Petitioner did not present his double jeopardy argument in his state court Amended Habeas Petition/Complaint for Writ of Mandamus, and he did not appeal the denial of his state court

petition to the Supreme Court of Ohio. (Doc. 20 at 2; Doc. 20-1, Exh. 9). Moreover, the Court agrees with the Magistrate Judge that the claim lacks merit on its face, as Petitioner was not "prosecuted for the same offense" twice, or subject to "multiple punishments" for the same offense, as the Double Jeopardy clause of the Fifth Amendment prohibits. *See Volpe v. Trim,* 708 F.3d 688, 695-96 (6th Cir. 2013). Petitioner's cited cases do not change the analysis here. The Court agrees with the Magistrate Judge that Petitioner's amendment would have been futile. Petitioner's motion was properly denied.

### 2. Federal Bail Bond (Docs. 3, 6, 10, 13)

Petitioner argues that the Magistrate Judge erred by not granting federal bail bond based upon the facts here. To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a "substantial claim of law" based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *See Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir. 1993). The Court agrees with the Magistrate that Petitioner has made no showing whatsoever to meet this standard and is not entitled to federal bail bond here.

### 3. Federal Public Defender (Docs. 6, 10, 13)

Petitioner argues that the Magistrate Judge erred in failing to appoint counsel in this case, due to the complex nature of his arguments. Generally, a petitioner in a habeas proceeding has no constitutional right to counsel. *See Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). A district court must, however, appoint counsel for an indigent petitioner when an evidentiary hearing is required or when necessary for the petitioner's effective utilization of discovery. 28 U.S.C. § 2254 Rule 6(a) (2014). The Magistrate Judge found that no evidentiary hearing was necessary here, and that Petitioner was not entitled to appointment of counsel. The Court agrees

with the Magistrate Judge's conclusions.

**4.     Motion to Strike (Doc. 22)**

After the Report and Recommendation was issued, Petitioner filed a document entitled "Objection to the Findings Made by Magistrate's Order of 5/2/2018." In this document, Petitioner argues that the Magistrate Judge incorrectly stated that Petitioner is in custody pursuant to a journal entry of sentence in his criminal case, and asks the Court to strike this statement by the Magistrate Judge. Petitioner argues that his sentence was vacated, so he is not being held pursuant to the state court journal entry. This argument is without merit. As set forth in detail above, the Eleventh District reversed its finding that Petitioner's sentence should be vacated. The Magistrate Judge's statement in this regard was, therefore, correct. Petitioner's motion to strike is denied and his objections are overruled.[2]

**CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed. To the extent that Petitioner has requested an evidentiary hearing, the Court denies his request as unnecessary. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

---

[2]     Petitioner also once again argues that the Magistrate Judge did not consider his motion to amend prior to issuing the Report and Recommendation. For the reasons set forth above, this argument is unavailing.

IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Court
                                      Chief Judge

Dated: 8/23/18